UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-4199

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JONATHAN KEITH IDEMA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, Chief District Judge. (CR-93-2-BO)

Submitted: October 29, 1999        Decided: December 15, 1999

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Clifford J. Barnard, Boulder, Colorado, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, John S. Bowler, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jonathan Keith Idema appeals from a restitution order issued after remand.[*] In his initial appeal from his convictions and sentence for conspiracy to commit wire fraud and fifty-eight counts of wire fraud, we vacated the district court's order of restitution and remanded for the district court to make appropriate findings of fact regarding Idema's financial resources, needs, and earning ability. See United States v. Glosson, No. 94-5669(L), 1996 WL 175053 (4th Cir. Apr. 15, 1996) (unpublished). On remand, the district court reimposed restitution in the amount of $200,000. On appeal, Idema contends that the district court failed to make the requisite findings of fact showing that Idema had the ability to pay restitution.

We have reviewed the district court's order of restitution, as well as the briefs and joint appendix, and we find that the district court did not abuse its discretion. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995) (standard of review). We thus affirm on the reasoning of the district court. See United States v. Idema, CR-93-2-BO (E.D.N.C. Jan. 11, 1999). We dispense with oral argument because the facts and legal contentions are

---

[*]Although Idema's notice of appeal was filed after the ten-day appeal period in Fed. R. App. P. 4(b), we find excusable neglect clear on the record. Thus, we have jurisdiction to address the merits of Idema's appeal. See United States v. Reyes, 759 F.2d 351, 354 (4th Cir. 1985).

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED